## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| **CITY OF SHORELINE,**<br><br>**Plaintiff(s),**<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF TRANSPORTATION et al.,**<br><br>**Defendant(s).** | **Civil Action No. 2:26–cv–01311–BJR**<br><br>**STANDING ORDER FOR ALL CIVIL CASES** |

## PROCEDURES FOR ALL CIVIL CASES

This Order sets forth the procedures that govern all civil cases assigned to this Court. The procedures supplement the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Western District of Washington. In the event there is an inconsistency between this Order and the Local Rules and/or the Federal Rules of Civil Procedure, the terms of this Order control. ***Failure to comply with the procedures set forth in this Order may result in sanctions.*** The terms of this Order shall have the force and effect of orders of the Court from this date forward. If the case was previously assigned to a different District Judge, these procedures replace those that previously controlled, but only as to submissions and hearings from this date forward.

### I.  Communications with Chambers

Except as provided for in this Order, parties and counsel are discouraged from contacting chambers. *Ex parte* communications with Judge Rothstein or her law clerks involving any matter are strongly discouraged. Unless the other parties have consented to have one party contact the Court alone, all parties must be on the line or copied on the email when communicating with the Court.

Parties shall call or email DC Chambers at 202–354–3330 and Rothstein_Chambers@dcd.uscourts.gov if it is necessary to contact Judge Rothstein.

STANDING ORDER FOR ALL
CIVIL CASES – 1

## II.  Motions

### A.  Structure, Page Limitations, Deadlines, and Typeface

A motion and the legal argument supporting the motion shall be filed as a single document. Motions shall not contain a table of cases or a table of authorities. Except for motions for summary judgment (*see* Section II(F) *infra*) and motions for reconsideration (*see* Section II(H) *infra*), all motions, oppositions, and objections shall not exceed **FIFTEEN (15) pages** (exclusive of the certificate of service). Replies shall not exceed **TEN (10) pages**, unless otherwise noted. Leave of the Court must be obtained to file a sur−reply.

Motions to exceed the page limitations will be granted only where the matter is one of extraordinary complexity.

**This Court DOES NOT USE the noting dates set forth in the Local Rules.** Instead, oppositions shall be filed no later than **TWENTY−ONE (21) days** after a motion is filed. A moving party's reply shall be filed no later than **FOURTEEN (14) days** after an opposition has been filed. These deadlines apply to all motions except motions in limine (*see* Section II(G) *infra*). Where there is a discrepancy between the local rules and these dates, these dates control.

Motions, oppositions, objections, replies, and sur−replies shall be double−spaced and filed in 12−point Times New Roman font, and shall contain page numbers and have margins of no less than 1 inch. Footnotes shall also be 12−point Times New Roman font but may be single−spaced. Submissions which do not comply with these instructions may be summarily denied or stricken.

### B.  Courtesy Copies

The Court **DOES NOT ACCEPT** courtesy copies of submissions.

In matters requiring that an administrative record be filed with the Court, parties must provide a copy of the record to the Court in an electronic format. No physical copy of the record shall be filed.

If an audio or video exhibit must be filed, the party shall contact the courtroom deputy, Natalie Wood, via email at natalie_wood@wawd.uscourts.gov for instructions on how to file it.

### C.  Certification of Conferral

Except for dispositive motions, motions shall contain a certification that the parties have met and conferred. (*But see* Section II(F) *infra*, for conferral requirements as to motions to dismiss pursuant to Fed. R. Civ. P. 12(b).) The certification should be clearly visible within either the first substantive paragraph or the final paragraph of the motion. Parties must make a meaningful effort to confer prior to filing a motion. Parties should provide for at least three (3) business days between attempts to confer and a motion's filing and shall explain their specific efforts to comply if contact was not successfully made. Motions that do not comply may be summarily stricken or denied.

### D.  Requests for Extensions of Time

Motions for extensions of time are discouraged and will be granted only where good cause is evident. Accordingly, parties should not expect the Court to grant extensions even if they are unopposed, absent the necessary showing. Press of business in other matters ordinarily does not evidence good cause.

Motions for extensions of time shall be filed at least **THREE (3) business days** in advance of the expiration of the relevant deadline. Any opposition must be filed within two (2) business days of the motion. Untimely motions or responsive briefing may be summarily denied or stricken.

### E.  Requests to Reschedule Hearings

Motions to reschedule are discouraged because of their impact on the Court's calendar. If rescheduling is necessary, the motion shall be filed no later than **FIVE (5) business days** before the scheduled hearing. The motion shall contain alternative dates and times which are available for all parties. If the suggested dates and times are not available on the Court's calendar, the Court will select a date and time *sua sponte*.

### F.  Dispositive Motions

A motion pursuant to Fed. R. Civ. P. 12(b) is discouraged if the defect can be cured by filing an amended pleading. **Therefore, the parties must meet and confer prior to filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) to determine whether it can be avoided**, and such motions must contain a certification of conferral as set forth above in Section II(C). In addition, parties shall endeavor not to oppose timely motions to amend.

A motion for summary judgment pursuant to Fed. R. Civ. P. 56, and oppositions thereto, shall not exceed **TWENTY−FOUR (24) pages** (exclusive of the certificate of service). Replies shall not exceed **TWELVE (12) pages**. Leave of the Court must be obtained to file a sur−reply. A motion for summary judgment may be filed at any time during the case prior to expiration of the dispositive motion deadline.

In a two−party case, if both parties intend to file summary judgment motions, counsel are to agree among themselves which party is to file the initial motion. After that motion has been filed, the other party shall file a cross−motion accompanied by a single memorandum (both opposing the first party's motion and in support of its own cross−motion), the first party shall then file an opposition/reply, and the second party may then file a reply. If more than two (2) parties intend to file motions in a multi−party case, counsel shall submit a proposed briefing schedule prior to filing a summary judgment motion.

### G.  Motions in Limine

The parties shall endeavor to resolve any evidentiary disputes prior to filing a motion in limine. The Court will not accept, and will not address, any motions in limine that are either stipulated to or that merely repeat the requirements of the Federal Rules of Evidence.

Except upon a showing of good cause, any motions in limine shall be filed as one motion. Any opposition to a motion in limine shall be filed no later than **FOURTEEN (14) days** after a motion is filed. No reply in support of a motion is authorized unless ordered otherwise by the Court.

### H.   Motions for Reconsideration

Motions for reconsideration are discouraged. Motions that reassert prior arguments or raise new arguments that could have been made earlier will be summarily denied. Motions for reconsideration and oppositions thereto shall not exceed **TEN (10) pages** (excluding the certificate of service). Replies shall not exceed **FIVE (5) pages**.

### I.   Hearings on Motions

Regardless of whether the parties request oral argument, the Court retains discretion to resolve a motion on the briefs. If the Court finds that oral argument is necessary, the Court will contact the parties for scheduling and other necessary arrangements. The parties shall be limited to twenty (20) minutes per side plus five (5) minutes for rebuttal unless otherwise ordered.

### J.   Proposed Orders

The parties are required to email a Word version of a proposed order with all motions and stipulations to Rothsteinorders@wawd.uscourts.gov.

### III.   Discovery Disputes

**No opposed discovery motions are to be filed with the Court until the parties meaningfully comply with Fed. R. Civ. P. 37(a)(1).** If the parties are unable to reach an agreement on a discovery issue after conferring, they shall arrange a telephone or video conference with the Court regarding the issue. Both of these steps must be completed before any opposed discovery motions are filed. Noncompliant motions may be summarily denied or stricken.

To arrange such hearing, all counsel (not support staff) for the disputing parties shall send a joint email to Rothstein_Chambers@dcd.uscourts.gov with a short (maximum one paragraph) joint description of the dispute, as well as three dates and time ranges when the parties are available for a telephone or video conference. The parties' time ranges should specify Eastern Time or Pacific Time. Counsel shall not contact the Court until they have sufficiently narrowed the disputed issues to only those issues they cannot, without Court assistance, resolve themselves. Because the Court expects that the parties should contact it only as a last resort, counsel found to be unreasonably delaying discovery may be sanctioned.

Discovery disputes shall be raised in a timely manner to allow discovery to be completed within the discovery deadline. The failure to do so may waive a party's ability to challenge the discovery behavior.

If the Court permits the filing of an opposed discovery motion, the motion shall contain a verbatim recitation of the discovery request and objection at issue or shall attach a copy of such. Again, if the Court must resolve the discovery dispute by motion, the losing party may be sanctioned.

Notice of these discovery procedures shall be provided to third parties that receive discovery requests from the parties. They, too, shall be expected to comply with these procedures.

Should the case be referred to a Magistrate Judge for discovery purposes, no opposed discovery motions shall be filed until the party has contacted the Magistrate Judge to be informed of his/her procedures for resolving discovery disputes.

## IV.   Rule 16(b) Initial Status Conference and Scheduling Order

Unless specific circumstances require it, the Court will not hold a Fed. R. Civ. P. 16(b) Initial Status Conference. Instead, the Court will review the parties' combined Joint Status Report and Discovery Plan as required by FRCP 26(f) and Local Civil Rule 26(f) and issue a Scheduling Order as soon as practicable thereafter.

## V.   Settlement

The parties shall evaluate the opportunity for settlement at the outset of the case regardless of whether the parties' obligation to meet and confer has been triggered. The parties are encouraged to advise the Court at the earliest possible time in the event they believe referral to mediation with a magistrate judge might enable settlement. Although the Court expects the parties to address settlement at the outset of the case, the parties have an ongoing obligation to explore possible settlement options. If the matter settles, in whole or in part, the parties shall promptly file a notice of settlement and advise the Court how much time is needed to file dismissal papers.

## VI.   Pretrial Conference

**TWENTY–EIGHT (28) days** prior to the trial date, the parties shall submit a joint pretrial statement that addresses the matters set forth below (in the order they are listed):

      a.   a short, concise statement of the case;

      b.   any material facts to which the parties can stipulate;

      c.   designation of depositions and objections thereto;

      d.   itemization of claimed damages and a summary of other relief requested;

      e.   a summary of any pending Motions in Limine and oppositions thereto;

      f.   a statement concerning whether settlement negotiations have been attempted and/or whether the parties believe additional attempts would be beneficial;

      g.   an updated estimate of the length of trial;

h.  a schedule of witnesses and a brief summary of their expected testimony and any objections thereto (attached as separate documents);

i.  a list of exhibits and any objections thereto (attached as separate documents);

j.  proposed jury instructions (*see also* Section VIII(D) at <u>Jury Instructions</u>);

k.  proposed verdict forms; and

l.  proposed questions for *voir dire*.

While the parties should endeavor to reach an agreement on as many issues as possible, items of disagreement may be called to the Court's attention in the joint pretrial statement. The parties may, in concise form, note any relevant case law supporting their positions. In no event shall the parties file separate statements. Where possible, the Court will resolve areas of disagreement at the pretrial conference. Otherwise, the Court will direct the parties to submit further briefing.

## VII.  <u>Courtroom Procedures</u>

Counsel with authority to make all decisions on behalf of the parties shall be present at all Court appearances. Counsel and *pro se* parties shall observe appropriate courtroom decorum, including that they shall rise to address the Court and remain at the podium unless granted permission to approach the bench or a witness. When not addressing a witness, or during opening and closing statements to the jury, counsel and *pro se* parties shall direct all statements to the Court.

## VIII.  <u>Trial Procedures</u>

### A.  <u>General</u>

<u>Schedule</u>: The normal trial day goes from 9:00 a.m. to noon and 1:30 p.m. to 4:30 p.m., with morning and afternoon breaks fifteen minutes in duration at the Court's discretion. On each day of trial, counsel are expected to be present at least thirty minutes prior to the start to discuss with the Court any upcoming issues. To ensure that the morning pretrial hearing is productive and efficient, counsel shall meet after the conclusion of each trial day and attempt to resolve or refine upcoming disputes.

<u>Recording of Proceedings</u>: The official record of all trials and proceedings will be taken by a realtime reporter.

<u>Glossary</u>: Where necessary, counsel shall confer and prepare a joint glossary of any unusual or technical terminology. The glossary shall be submitted to chambers no later than **FIVE (5) business days** in advance of the start of trial. Copies shall also be provided to the courtroom deputy and court reporter on the first day of trial.

<u>Trial Briefs</u>: No trial briefs are allowed unless specifically ordered by the Court.

STANDING ORDER FOR ALL
CIVIL CASES – 6

Remote Trials: In the event of a remote trial, the parties shall contact the Court's courtroom deputy, Natalie Wood, via email at natalie_wood@wawd.uscourts.gov for instructions related to remote trial procedures.

## B.  **Exhibits**

The parties are **strongly** encouraged to use Jury Electronic Evidence Presentation ("JEEP") during trial. The courtroom deputy will provide instructions on how to use JEEP. If the parties decline to use JEEP, on the first day of trial, counsel shall provide the courtroom deputy: (1) an original set of marked exhibits in a notebook for witnesses' use during trial and (2) one duplicate set of marked exhibits for the Court's use during trial.

A Word version of the exhibit list must be emailed to the courtroom deputy, Natalie Wood, at natalie_wood@wawd.uscourts.gov.

The Court will rule on the admissibility of exhibits at the pretrial conference. Once admitted, counsel may refer to exhibits in argument or during the examination of witnesses and need not lay a foundation for their admissibility or move for their admission during the trial. **Parties must reference the "P" or "D" before the exhibit number when referring to exhibits in trial.** Impeachment or rebuttal exhibits (those whose sole purpose is to attack a witness's veracity) need not be disclosed at the pretrial conference, but they should be pre–marked, when possible, so that they will be immediately useable at trial without the necessity for labeling by the courtroom deputy.

Exhibits shall be marked by number (P1, P2, P3, etc., D1, D2, D3, etc., or, for Joint Exhibits, J1, J2, J3, etc.) and groups of exhibits shall be marked by number and letter (P1A, P1B, P1C, D1A, D1B, D1C, J1A, J1B, J1C, etc.). It is the parties' responsibility to label the exhibits.

## C.  **Statements and Witnesses**

Opening Statements: Except for especially complex cases, or otherwise authorized by the Court, opening statements shall be no more than thirty (30) minutes per side.

Witnesses: Other than parties and their representatives, all witnesses must remain out of the courtroom except while testifying. After completion of a witness's testimony, that witness may remain in the courtroom but cannot then be recalled. If counsel desire a waiver of the rule with respect to a specific witness (for example, an expert), counsel shall first discuss the matter with opposing counsel and then present the request to the Court during the preliminary morning session prior to the start of trial on the particular day at issue. Counsel shall instruct witnesses not to discuss their testimony with other witnesses, either during or after they complete their testimony.

A Word version of the witness list must be emailed to the courtroom deputy, Natalie Wood, at natalie_wood@wawd.uscourts.gov.

Once the trial begins, witnesses will be put on call at the peril of the calling party; in other words, the trial will not be recessed because a witness is unavailable except in extraordinary circumstances. If alerted ahead of time, the Court will endeavor to accommodate witnesses with scheduling problems.

The use of an exhibit notebook should obviate the need to approach the witness. If extraordinary circumstances exist, counsel may approach the courtroom deputy who, in turn, will approach the witness. Otherwise, counsel are required to remain at the podium. Where counsel seeks to impeach a witness by use of that witness's prior deposition or other discovery materials, copies of the relevant document must be provided to the witness, the Court, and opposing counsel.

Examinations: Counsel are advised to avoid eliciting witnesses' personal identifiers such as social security numbers, financial account information, names of minor children, dates of birth and home addresses. If such information inadvertently becomes part of the record, counsel may request redaction of such items.

Experts: A proper resume or curriculum vitae, marked as an exhibit, shall be provided in the exhibit notebooks.

| Jury Trials: | Questions intended to qualify the witness as an expert shall be brief. |
|---|---|
| Bench Trials: | A proper resume or curriculum vitae generally will suffice for the determination of an expert witness's qualification without additional questioning. |

Deposition Testimony: The intent to utilize deposition testimony should be included in the joint pretrial statement after counsel have conferred and narrowed any objections. If differences remain, counsel for the offering party shall provide to the Court two (2) copies of the designated transcript **FIVE (5) business days** prior to the pretrial conference, each with plaintiff's designations highlighted in yellow and defendant's designations highlighted in blue and objections noted.

| Jury Trials: | Counsel offering the deposition testimony is required to provide a person to read the designated portions of the transcript. |
|---|---|
| Bench Trials: | Deposition transcripts will not be read at trial. |

Videotaped Depositions: The intent to utilize videotaped deposition testimony should be included in the joint pretrial statement after counsel have conferred and narrowed any objections. If differences remain, the dispute(s) should be summarized in the joint pretrial statement and the matter will be addressed at the pretrial conference.

Objections: "Speaking objections" in the presence of the jury will not be permitted. Counsel must stand when raising objections and limit the objections to shorthand phrases such as "hearsay," "lack of foundation," "asked and answered," etc. If additional discussion is needed, counsel must request to approach the bench. However, frequent or protracted bench conferences are discouraged.

STANDING ORDER FOR ALL
CIVIL CASES – 8

Closing Arguments: Closing arguments generally will be limited to no more than forty–five (45) minutes per side. Requests for longer presentations must be submitted to the Court before closing arguments begin. Plaintiff may reserve for rebuttal up to one–half of the time actually used during the direct argument. Counsel are reminded that it is improper to argue matters not in evidence or to express personal opinions or beliefs about the case.

### D.  Jury Trials

Proposed joint *voir dire*, proposed joint jury instructions, and verdict forms shall be filed **TWENTY–EIGHT (28) days** prior to the trial date as part of the joint pretrial statement. (*See* Section VI *supra*.)

In civil trials, the jury shall consist of eight jurors. Each side may use up to three peremptory challenges.

*Voir Dire*: The Court will conduct *voir dire* and will consider proposed joint *voir dire* questions submitted in advance by counsel. Counsel may also submit additional individually directed written questions during the *voir dire* that the Court will ask the individual jurors. Counsel for each party may have **TEN (10) minutes** each to further question the prospective jurors. Counsel shall not ask questions submitted to and rejected by the Court.

Preliminary Instructions: After the jury is selected and sworn, the Court will give preliminary instructions to the jury. These instructions will generally include a description of the trial process, the responsibilities of the participants, the burden of proof, the daily trial schedule, procedures governing juror note taking and the duty not to discuss the case with anyone until deliberations begin. If counsel for any party desires that any additional preliminary instructions be given, counsel shall include a request in the proposed joint jury instructions.

Note Taking by Jurors: Generally, jurors will be permitted to take notes in notebooks which the Court will provide. The jurors will be given a preliminary instruction about note taking. During recesses, jurors will be required to leave their notebooks in the courtroom. At the end of the trial, the jurors will be permitted to take their notebooks to the jury room for use during deliberations. At the end of deliberations, any notes taken by jurors will be destroyed.

Jury Instructions: **To the maximum extent possible, counsel for the parties shall agree on one stipulated set of proposed jury instructions**. Each instruction should begin on a new page. Where disagreements arise, the proposed jury instructions shall include the alternate instructions and argument and authority for the instruction not to exceed **TWO (2) pages** per party, per instruction.

Final Jury Instructions: Prior to closing arguments, the Court will advise counsel of the Court's determinations concerning instructions to be given to the jury. Where warranted, the Court will conduct a jury instruction conference to allow counsel to lodge argument related to disputed jury instructions.

The jury will be instructed prior to closing arguments. A written copy of the instructions will be given to each juror when the jury commences its deliberations.

Deliberations: The jury will be given all admitted exhibits, the written jury instructions, and any special verdict form that the Court has decided to use. Throughout jury deliberations counsel must be within twenty minutes of the courthouse in order for the Court to expeditiously respond to any jury notes or a verdict. Counsel must provide the courtroom deputy or law clerk with telephone numbers where they can be contacted. Unless counsel object, the jury will not be brought into the courtroom to be excused at the end of the day, nor for resumption of deliberations when it returns the following day. Instead, the courtroom deputy or law clerk will excuse the jury from the jury room at the end of the day and collect all exhibits, notebooks, and verdict forms. These items will be returned to the jury room when the jury returns the next morning to continue its deliberations. The jury will be reminded that they are not permitted to discuss the case with anyone.

## E. **Bench Trials**

Proposed findings of fact and conclusions of law shall not be filed in advance of trial. Where necessary, the Court will order that such documents be filed at the conclusion of trial.

## IX. **Compliance**

A failure by any party to fully comply with this order may result in the imposition of sanctions.

**SO ORDERED.**

April 23, 2026

_Barbara J. Rothstein_

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE